THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY DWAYNE LESTRICK,<br><br>Defendant. | CASE NO. CR12-0214-JCC<br><br>ORDER |

This matter comes before the Court on Anthony Dwayne Lestrick's request for return of property (Dkt. No. 119). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

On May 15, 2012, the assorted jewelry which is the subject of Mr. Lestrick's request was seized from his residence by law enforcement. (Dkt. No. 122-1 at 2.) On June 22, 2012, a federal Complaint for Violation was filed against Mr. Lestrick in the above-captioned case. (*See* Dkt. No. 1.) On July 9, 2012, the Drug Enforcement Administration (DEA) sent written notice pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(a) of the seized jewelry to Mr. Lestrick by certified mail, return receipt requested. (Dkt. No. 122-1 at 2–3.) It was received on July 20, 2012. (*Id.*) Notice was also sent to Mr. Lestrick's wife and son, which was received on July 20, 2012.

(*Id.* at 3.) The August 13, 2012 deadline to file a claim was expressly stated on each notice. (*Id.* at 4.)

On July 16, 2012, Mr. Lestrick entered an Appearance Bond for his release and was released from custody. (*See* Dkt. No. 10.) On July 19, 2012 a grand jury returned an indictment, charging Mr. Lestrick with felony drug and firearms charges. (*See* Dkt. No. 11.) The indictment included an asset forfeiture allegation in which the United States notified Mr. Lestrick of its intent to forfeit, pursuant to 21 U.S.C. § 853, any and all property that facilitated, and/or derived from proceeds of, the felony drug offenses. (*See id.* at 3–5.) The assorted jewelry, which is the subject of Mr. Lestrick's request, was listed in the asset forfeiture allegation. (*Id.* at 3–4.)

On July 23, July 30, and August 6, 2012, the DEA published notice, pursuant to 19 U.S.C. § 1607(a), of the seizure of the jewelry in *The Wall Street Journal*, a newspaper of general circulation in the Western District of Washington. (Dkt. No. 122-1 at 3–4, 15–17.) If mailed notice was not received (which it was in this case), the last day to file was September 6, 2012. (*Id.* at 4, 15.)

On August 20, 2012, seven days after the deadline to file a claim, DEA received a claim for seized property from Mr. Lestrick through his attorney, Michael Ewetuga. (*Id.* at 4, 18–26.) On September 17, 2012, the DEA notified Mr. Lestrick, via certified mail to his attorney, that his claim had been rejected as untimely. (*Id.* at 4, 27–28.) However, DEA conveyed to Mr. Lestrick's attorney that he could file a petition for remission or mitigation of forfeiture. (*Id.*) DEA did not receive a claim for remission or mitigation of the forfeiture. (*Id.* at 5.) On October 29, 2013, the jewelry was administratively forfeited. (Dkt. No. 122-1 at 4, 30–31.)

On January 17, 2013, a federal grand jury returned a second superseding indictment which also included an asset forfeiture allegation. (*See* Dkt. No. 45.) The forfeiture of the assorted jewelry was included in both indictments. (Dkt. Nos. 11 and 45.)

On April 9, 2013, Mr. Lestrick entered a plea agreement. (Dkt. No. 69.) As part of that plea agreement, Mr. Lestrick agreed to forfeit, pursuant to 21 U.S.C. § 853, any and all property

that facilitated, and/or derived from proceeds of, the offenses to which he pleaded guilty. (*Id.* at ¶ 1, 13.) However, the jewelry was crossed off the list and initialed by Mr. Lestrick, his attorney, and the Assistant United States Attorney (AUSA). (Dkt. Nos. 69 at 7, 119 at 5.) Mr. Lestrick interprets that change to the plea paperwork as the Government agreeing not to forfeit the jewelry, and that by doing so the Government breached its contract with Mr. Lestrick. (Dkt. No. 119 at 1.) Mr. Lestrick now brings the current motion for the return of his jewelry or the stated value of $21,695. (*Id.*)

## II. DISCUSSION

### A. Administrative Forfeiture

The procedures and deadlines for filing a claim in an administrative forfeiture action are set forth in 18 U.S.C. § 983(a)(2)(A)–(E). A federal court lacks jurisdiction to review the merits of an administrative forfeiture decision except in circumstances in which the court's review "is limited to determining whether the agency followed the proper procedural safeguards when it declared [the claimant's] property summarily forfeited." 19 U.S.C. § 1609(b); *Kairis v. United States*, 2006 WL 2708555, at *5 (N.D.N.Y. Sept. 20, 2006) (citing *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 480 (2d Cir. 1992)).

Here, Mr. Lestrick has made no argument regarding the adequacy of notice of the administrative forfeiture proceeding as a basis for his request. Further, as outlined above, DEA followed proper procedures. Mr. Lestrick was given an opportunity to file a petition for remission or mitigation of the forfeiture but neither he nor Mr. Ewetuga did so. There were no procedural defects in the administrative forfeiture proceeding.

### B. Breach of Contract

Mr. Lestrick's primary argument is that a plea agreement is a binding contract and because he crossed out the jewelry on his plea agreement, the Government was obligated to return the property to him. (Dkt. No. 119 at 1–2.) The only evidence Mr. Lestrick provides is the plea agreement itself with the jewelry crossed off and his and the AUSA's initials next to it.

(Dkt. No. 119 at 5.) There was no language in the plea agreement indicating that the Government promised to return the jewelry. The only significance of crossing out the jewelry is that Mr. Lestrick did not stipulate to its forfeiture. Furthermore, at the time the plea agreement was signed, DEA had already processed the administrative forfeiture of Mr. Lestrick's jewelry. Accordingly, the Government did not breach the terms of the plea agreement.

## III. CONCLUSION

For the foregoing reasons, Mr. Lestrick's motion for return of property (Dkt. No. 119) is DENIED.

DATED this 22nd day of August, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE